UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, SOLELY AS TRUSTEE FOR HARBORVIEW MORTGAGE LOAN TRUSTMORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2005-11,<br><br>Plaintiff,<br><br>v.<br><br>WINGFIELD SPRINGS COMMUNITY ASSOCIATION, a Nevada non-profit corporation; WESTLAND CONSTRUCTION CORP., a Nevada corporation; THUNDER PROPERTIES INC., a Nevada corporation.; DOE INDIVIDUALS I through X; and ROE CORPORATIONS 1 through 10,<br><br>Defendants. | Case No. 3:16-cv-00632-MMD-VPC<br><br><br>ORDER |

## I. SUMMARY

This case concerns a dispute over the constitutionality of a homeowner association ("HOA") foreclosure sale. Before the Court is Defendant Thunder Properties, Inc.'s ("Thunder Properties") Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion"). (ECF No. 6.) The Court has reviewed Plaintiff Deutsche Bank National Trust Company's ("Deutsche Bank") response (ECF No. 12) and Thunder Properties' reply (ECF No. 13). For the reasons discussed below, Thunder Properties' Motion is denied.

## II. BACKGROUND

The following facts are taken from the Complaint. (ECF No. 1.)

In May of 2005, Kendall Fielding and Cindi Yakimow ("Borrowers") borrowed $244,000.00 to buy a home at 2690 Lawry Drive in Sparks, Nevada ("the Property"). The

1 loan was secured by a Deed of Trust ("DOT") on the Property. On December 12, 2012, the DOT was assigned to Deutsche Bank.

When Borrowers became delinquent on their HOA dues, Defendant Wingfield Springs Community Association ("the HOA") recorded a lien on the Property and eventually elected to sell the Property pursuant to Nevada's HOA foreclosure statutes. On May 28, 2013, the HOA purchased the Property at a non-judicial foreclosure sale for $4,424.71. On January 6, 2014, the HOA conveyed its interest in the Property via quitclaim deed to Defendant Westland Construction Corporation ("Westland"). On February 27, 2014, Westland quitclaimed its interest in the Property to Thunder Properties.

Amongst its other claims, Deutsche Bank seeks to quiet title pursuant to 28 U.S.C. § 2201, NRS § 30.010 *et seq.*, and NRS § 40.010, challenging the foreclosure sale as statutorily defective.

The Complaint alleges diversity jurisdiction. (ECF No. 1 at 2.) Thunder Properties seeks dismissal for lack of subject matter jurisdiction, arguing that the parties are not diverse because Deutsche Bank and Thunder Properties are citizens of California. (ECF No. 6 at 3.)

## III.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to seek dismissal of a claim or action for lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the complaint fails to allege facts that are sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984-85 (9th Cir. 2008). Subject matter jurisdiction may be met through diversity jurisdiction or federal question jurisdiction. Federal district courts have diversity jurisdiction over lawsuits when the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a). By contrast, federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.

## IV. DISCUSSION

As noted, Thunder Properties argues that the parties are not diverse for purposes of diversity jurisdiction. (ECF No. 6 at 3.) The Bank counters that this Court may maintain jurisdiction based on federal question jurisdiction, 28 U.S.C. § 1331. (ECF No. 12 at 4-7.)

Federal district courts have federal question jurisdiction under the "well-pleaded complaint rule" only when a properly pleaded complaint asserts a federal question on its face. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Because Deutsche Bank has alleged that the "opt-in" provision of NRS § 116.3116 is unconstitutional under the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution (*see* ECF No. 1 at 7), thereby making the HOA sale unlawful, this Court must maintain § 1331 jurisdiction over this litigation. *See Lowe v. Manhattan Beach City Sch. Dist.*, 222 F.2d 258, 259–60 (9th Cir. 1955); *see also Bell v. Hood*, 327 U.S. 678, 681–82 (1946).

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Thunder Properties' Motion.

It is therefore ordered that Thunder Properties' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 6) is denied.

DATED THIS 14th day of August 2017

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE