UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, solely as Trustee for HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2005-11,<br><br>Plaintiff,<br>v.<br>WINGFIELD SPRINGS COMMUNITY ASSOCIATION, *et al.*,<br>Defendants. | Case No. 3:16-cv-00632-MMD-CBC<br><br>ORDER |

**I.    SUMMARY**

This dispute arises from the foreclosure sale ("HOA Sale") of real property located at 2690 Lawry Drive, Sparks, Nevada 89436, APN No. 520-114-01 ("Property") to satisfy a homeowners' association lien. (*See, e.g.*, ECF No. 1 at 2, 4.) Before the Court is Plaintiff Deutsche Bank National Trust Company, solely as Trustee for Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2005-11's motion for summary judgment primarily seeking a declaration that Plaintiff's interest in the Property was not extinguished by the HOA Sale ("Motion").[1] (ECF No. 34.) Because *Bourne Valley* no longer binds this Court, and because a material factual dispute remains as to whether Defendant Wingfield Springs Community Association's ("HOA") agent sent the statutorily-required notices—and as further explained below—the Court will deny Plaintiff's Motion.

///

///

---

[1] The HOA and Defendant Thunder Properties, Inc. both filed responses (ECF Nos. 37, 42), and Plaintiff filed a reply (ECF No. 43).

## II. BACKGROUND

The following facts are undisputed unless otherwise indicated.[2] Kendall Fielding and Cindi Yakimow (collectively, "Borrowers") financed the purchase of the Property in 2005 with a $244,000.00 loan ("Loan") from Community Lending Incorporated. (ECF No. 21-2 at 3-4.) The Loan was secured by a deed of trust ("DOT") against the Property. (*Id.*) The DOT named Mortgage Electronic Systems, Inc. ("MERS") as the beneficiary and provided MERS' address. (*Id.* at 3.) MERS assigned the DOT to Plaintiff on December 12, 2012. (ECF No. 21-3.)

The HOA, through its agent ATC Assessment Collection Group ("ATC"), recorded a notice of delinquent lien assessment against the Property on May 24, 2012. (ECF No. 21-4.) This notice stated that Borrowers owed $1,335.90. (*Id.*) ATC then recorded a notice of default and election to sell the Property on July 3, 2012, which stated Borrowers owed $2,276.45. (ECF No. 21-5.) (*Id.*) ATC recorded a notice of the HOA Sale against the Property on May 2, 2013 (ECF No. 21-6), and sold the Property to the HOA for $4,424.71 at the HOA Sale on May 28, 2013 (ECF No. 21-7).

The HOA later sold the Property to Defendant Westland Construction Corporation in January 2014, for $4,500. (ECF No. 21-8.) Finally, Westland Construction Corporation sold the Property to Defendant Thunder Properties Corporation ("Thunder") in February 2014, also for $4,500. (ECF No. 21-9.)

Plaintiff filed suit on November 3, 2016, bringing claims for: (1) quiet title/declaratory relief against all Defendants; (2) a preliminary injunction against Thunder and fictitious Defendants; (3) statutorily defective foreclosure against the HOA and fictitious Defendants; (4) negligence against the HOA and fictitious Defendants; (5) negligence *per se* against the HOA and fictitious Defendants; (6) and unjust enrichment against all

---

[2]The Court takes judicial notice of ECF No. 21-1 through ECF No. 21-9 as recorded with the Washoe County Recorder and matters within the public record. *See, e.g.*, *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (explaining that a court may take judicial notice of a government agency's records and other undisputed matters of public record under Fed. R. Evid. 201).

2

Defendants. (ECF No. 1 at 8-15.) Plaintiff primarily seeks a declaration and determination that its DOT continues to encumber the Property, though it also seeks other, alternative relief. (*Id.* at 15-16.)

**III.    LEGAL STANDARD**

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. Moreover, the Court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

///

**IV. DISCUSSION**

Plaintiff moves for summary judgment on the grounds that: (1) the HOA Sale is void because the HOA failed to comply with the statutory notice requirements of NRS Chapter 116; (2) the statute governing the HOA Sale—NRS § 116.3116 *et seq.*—is unconstitutional under *Bourne Valley*; and (3) Plaintiff is entitled to equitable relief—having the HOA Sale set aside or reformed under *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon* ("*Shadow Canyon*"), 405 P.3d 641 (Nev. 2017)—for unfairness. (ECF No. 34.) The HOA and Thunder oppose each of these arguments, and specifically argue there is a material factual dispute as to whether the HOA complied with the statutory notice requirements, *i.e.* whether ATC mailed them. (*See* ECF Nos. 37 at 4-5, 42 at 14-17.) The Court finds that the dispositive issue is whether ATC mailed statutorily required notices, and thus primarily considers that issue here.[3] Further, the Court agrees with the HOA and Thunder that a material factual dispute remains as to whether those notices were mailed—precluding summary judgment.

For the HOA Sale to extinguish the DOT, ATC had to mail the notice of default and election to sell, and notice of the HOA Sale, to Plaintiff. By NRS § 116.31168's incorporation of NRS § 107.090's notice requirement, the HOA was required to send notices to "all holders of subordinate interests, even when such persons or entities did not request notice." *SFR Invs. Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248, 1253 (Nev. 2018); *see also* NRS § 107.090(3)(b), (4) (requiring notice of default *and* notice of sale be mailed to "[e]ach other person with an interest whose interest or claimed interest

---

[3]Plaintiff's argument based on *Bourne Valley* (ECF No. 34 at 6-8) fails because even the Ninth Circuit has since acknowledged that *Bourne Valley* no longer controls. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 624 (9th Cir. 2019) ("*Bourne Valley* no longer controls the analysis. . ."). In addition, the Court will not rule on Plaintiff's argument seeking equitable relief at this time because Plaintiff's likelihood of prevailing on that argument turns on whether ATC actually mailed the statutorily-required notices. (ECF No. 34 at 13-14 (arguing that the HOA Sale should be equitably set aside because the Property sold for a low price at the HOA Sale, and the HOA Sale was infected with unfairness because ATC did not properly send the statutorily-required notices).)

is subordinate to the deed of trust"). Such persons with an interest undoubtedly include Plaintiff, the holder of a first security interest—the DOT. *See, e.g.*, *SFR*, 422 P.3d at 1252 ("the language of NRS 107.090 then requires that the homeowners' association provide notice to the holder of the first security interest as a subordinate interest."). And "[c]ompliance with NRS Chapter 116's provisions with respect to default, notice, and publication of the notice of sale is a 'statutory prerequisite [] to a valid HOA lien foreclosure as stated in NRS [§] 116.31162 through NRS [§] 116.31164.'" *Christiana Trust v SFR Investments Pool 1, LLC*, Case No. 2:16-cv-00684-GMN-CWH 2018 WL 6603643, at *4 (D. Nev. Dec. 17, 2018) (quoting *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1110 (Nev. 2016)).

The parties dispute whether the HOA mailed the statutorily-required notices. Plaintiff argues there is no evidence the HOA mailed the notices because the affidavits of mailing intended to evidence their mailing were not signed by the HOA's agent, ATC, at the time the mailings were sent, and ATC's 30(b)(6) designee admitted at her deposition that she had no other evidence supporting her claim that the notices were sent. (ECF No. 34 at 8-13.) The HOA counters that ATC's 30(b)(6) designee said she mailed the notices, so there is a material factual dispute as to whether ATC did. (ECF No. 37 at 5.) Thunder makes the same argument as the HOA, and also points to a Reinstatement Status Report prepared by ATC in 2013, which contains line item prices for 'mailings' with dates corresponding to the dates the notices should have been mailed. (ECF No. 42 at 16-17.)

The Court agrees with Thunder and HOA as to the existence of a material factual dispute. On one hand, the Court agrees with Plaintiff that the fact the affidavits of mailing are unsigned supports the inference the notices were never sent. And contrary to Thunder and the HOA's arguments, ATC's 30(b)(6) witness' deposition testimony is somewhat unclear as to whether she personally sent the notices, she has personal knowledge of someone else sending the notices, or it was merely ATC's general practice to send the notices (*i.e.* someone *would have* sent them). (ECF No. 34-3.) Thus, the Court cannot find ATC sent the notices based on her testimony alone. On the other hand, the Court agrees

5

1 | with Thunder that ATC's 2013 Reinstatement Status Report supports the inference that the notices were actually sent. (ECF No. 42-14.) Thus, a factual question remains as to whether ATC sent the notices.[4]

Further, this factual dispute is material because ATC was required to send the notices for the HOA Sale to extinguish the DOT. *See, e.g., SFR*, 422 P.3d at 1252. In addition, Plaintiff's argument seeking equitable relief under *Shadow Canyon* also depends on whether ATC sent the notices, as Plaintiff's argument that ATC never did is the 'slight evidence of unfairness' Plaintiff proffers in support of that argument. (ECF No. 34 at 13-14.) Thus, this case turns on whether ATC sent the notices.

In sum, the Court finds that a genuine issue of material fact exists as to whether the required notices were sent to Plaintiff. The Court will therefore deny Plaintiff's Motion.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Plaintiff's motion for summary judgment (ECF No. 34) is denied.

DATED THIS 4th day of June 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[4] The Court is not persuaded by Thunder's argument that the recitals in the HOA foreclosure deed are conclusive proof ATC sent the required notices. (ECF No. 42 at 14.) As Plaintiff points out (ECF No. 43 at 15-16), the Nevada Supreme Court rejected the argument that homeowners' association foreclosure deeds conclusively establish the truth of those recitals in *Shadow Wood*. *See* 366 P.3d at 1110-12. Thus, language in the applicable deed does not resolve the factual dispute the Court finds precludes summary judgment here.

6